IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CORNELIUS DEWAYNE TAYLOR,
    Petitioner,

vs.                                   Case No. 5:10cv194/RS/CJK

UNITED STATES BUREAU OF PRISONS,
    Respondent.
_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 7).  Respondent filed an answer, submitting relevant administrative and judicial records. (Doc. 14). Petitioner replied. (Doc. 17).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the amended petition should be denied because petitioner failed to properly exhaust his administrative remedies and, alternatively, because petitioner's claims do not warrant habeas relief under § 2241.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate confined at the Federal Correctional Institution in Marianna, Florida.  (Doc. 7, p. 1).  Petitioner is serving a 119-month sentence for Possession with Intent to Distribute Crack Cocaine, imposed by the United States

District Court for the Southern District of Alabama in *United States v. Taylor*, Case Number 1:07cr71-CB. (Doc. 7, p. 2; Doc. 14, Kitka Decl., Attach. 3). In this habeas proceeding, petitioner claims the BOP failed to correctly compute his sentence (the BOP refused to credit petitioner's sentence for time he served in state custody from September 28, 2006 to December 30, 2007). (Doc. 7, pp. 3-3a). Petitioner also claims he should be resentenced under the amended sentencing guidelines for crack cocaine. (*Id*., pp. 4-4a). As relief, petitioner seeks "Credit for time served in state custody to be run concurrent with federal sentence. To be resentenced under new guidelines of 18/1 in order to correct a manifest injustice." (*Id*., p. 6).

The record evidence establishes the following facts. On September 28, 2006, petitioner was arrested by the Mobile County Alabama Sheriff's Department for selling narcotics. (Doc. 14, Kitka Decl. ¶ 4 and Attach. 1 ¶ 12). On October 6, 2006, the State of Alabama issued a Petition to Revoke Probation in Mobile County Alabama Circuit Court case number CC1998-3008. (Doc. 14, Kitka Decl. ¶ 5 and Attach. 1 ¶ 38). Petitioner's state probation was revoked on December 14, 2006. (Kitka Decl. ¶ 6 and Attach. 1 ¶ 38). On January 8, 2007, petitioner was sentenced in Mobile County Circuit Court case number CC1998-3008 to 5 years in state prison with credit for 207 days served. (Kitka Decl. ¶ 7 and Attach. 1 ¶ 38 and Attach. 5).

On April 4, 2007, petitioner was charged in a 4-count indictment filed in federal court (Southern District of Alabama Case Number 1:07cr71-CB) with Conspiracy, Distribution and Possession of Cocaine. (Kitka Decl. ¶ 8 and Attach. 1 ¶ 1). The offense conduct was alleged to have occurred from January 1, 2005 until the date of indictment. (*Id*.). On May 16, 2007, petitioner was produced on a Writ of Habeas Corpus ad Prosequendum for his appearance in Southern District of Alabama

Case Number 1:07cr71-CB. (Kitka Decl. ¶ 9 and Attach. 2). On October 23, 2007, petitioner entered a guilty plea in Case Number 1:07cr71-CB to Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1). (Kitka Decl. ¶ 10 and Attach. 3). Petitioner was convicted of the Possession offense (the other counts were dismissed), and sentenced to 144 months imprisonment followed by 3 years of supervised release. (*Id.*). At sentencing, the court made a recommendation to the Bureau of Prisons ("BOP") that petitioner "be given credit for time already served in federal custody," and that the time be determined by the BOP. (*Id.*). The sentencing court did not order that petitioner's federal sentence run concurrent with his state sentence. Petitioner was returned to Mobile County, Alabama on December 15, 2007, in satisfaction of the Writ of Habeas Corpus ad Prosequendum. (Kitka Decl. ¶ 11 and Attach. 4). The United States Marshal Service ("USMS") placed a detainer on petitioner at that time. (Kitka Decl., Attach. 4).

On December 30, 2007, petitioner satisfied his state court sentence in Mobile County, Alabama case number CC1998-3008. (Kitka Decl. ¶ 12 and Attach. 5). However, petitioner remained in Mobile County detention pending the state court charges for which he was arrested on September 28, 2006. (*Id.*). On February 12, 2008, petitioner's state court charges in Mobile County, Alabama were dismissed. (Kitka Decl. ¶ 13). Because petitioner had completed his Probation Violation sentence in state court case number CC1998-3008, petitioner was turned over to federal custody on February 12, 2008, pursuant to the USMS detainer. (Kitka Decl ¶13 and Attach. 4).

On March 12, 2008, staff at the BOP Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, contacted staff at the Mobile County

Sheriff's Department and the Alabama Department of Corrections, to obtain information about petitioner's prior custody credit. (Kitka Decl. ¶ 14 and Attach. 5). DSCC staff determined that all the time petitioner spent in detention from the date of his arrest on September 28, 2006, until the expiration of his state sentence on December 30, 2007, was credited to petitioner's Alabama Probation Violation sentence. (*Id.*).

On August 15, 2008, the Southern District of Alabama sentencing judge granted petitioner's motion for sentence reduction based on the 2008 amendments to the sentencing guidelines, and reduced petitioner's federal sentence from 144 months to 119 months. (Doc. 14, Kitka Decl., Attach. 7). The amended sentence was less than the amended guideline range. (*Id.*). On June 25, 2009, staff at the DSCC prepared a sentence computation, commencing petitioner's 119-month federal sentence on December 30, 2007. (Doc. 7, Attach., p. 7). Petitioner was given no jail credit.

On July 22, 2009, petitioner submitted a BP-9, Request for Administrative Remedy to his institution, requesting credit for time spent in state custody. (Doc. 14, Kitka Decl. ¶ 18 and Attach. 13). The BOP evaluated whether petitioner was eligible for a retroactive (*nunc pro tunc*) designation of a state detention facility as the place for service of petitioner's federal sentence, under *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). (Kitka Decl. ¶ 18 and Attachs. 13, 14). On July 28, 2009, staff at the DSCC completed a *Barden* Request Information Worksheet. (*Id.*). The BOP declined to consider a *nunc pro tunc* designation and found that *Barden* did not apply, because petitioner's state sentence was imposed <u>before</u> petitioner's federal sentence was imposed. (*Id.*).

On September 24, 2009, petitioner submitted an informal complaint asserting that he was entitled to jail credit from June 15, 2006 to October 23, 2007. (Doc. 7, Attach., p. 6). Petitioner's attempt at informal resolution was unsuccessful. On September 25, 2009, petitioner submitted a Request for Administrative Remedy to the warden of his institution seeking jail credit for June 15, 2006 to October 23, 2007, claiming he was entitled to credit for "all the time spent in official detention. Nunc Pro Tunc from the date of arrested [sic] until sentencing." (*Id*., Attach., p. 5). The warden denied relief, explaining:

> This is in response to your Administrative Remedy dated September 29, 2009, in which you request that you receive (Nunc Pro Tunc) designation – prior custody credit from the date of arrest until sentencing.
>
> The credit which you request is precluded under Title 18 U.S.C. 3585(b) at this time. Your request has been forwarded to the Designation and Sentence Computation Center (DSCC) for a review. You will be advised of the Bureau of Prisons's determination upon completion of the review.
>
> The relief you seek can not be granted at this level.
>
> If dissatisfied with this response, you may appeal this decision to the Southeast Regional Director, Federal Bureau of Prisons. . . . Your appeal must be received in the Regional Director's Office within 20 calendar days of the date of this response.

(Doc. 7, Attach., p. 4). The warden's response was dated November 3, 2009. (*Id*.). On November 12, 2009, petitioner appealed by submitting a Regional Administrative Remedy Appeal. (*Id*., p. 3). The Regional Director denied relief, explaining:

> You state you are entitled to prior custody jail credit from June 15, 2006, to October 13, 2007. As reilef, you request a nunc pro tunc designation

to award this credit.

> As you were previously informed, the credit you request is precluded under Title 18 U.S.C. § 3585(b). Your request has been forwarded to the Designation and Sentence Computation Center for review and determination in accordance with Bureau of Prisons' Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. You must continue the administrative remedy process in order to be advised of the status of the determination.
>
> Accordingly, your Administrative Remedy Appeal response is for informational purposes only. If dissatisfied with this response, you may appeal to the Bureau of Prison, Office of General Counsel. . . . Your appeal must be received in the Office of the General Counsel within 30 calendar days from the date of this response.

(*Id*., Attach., p. 2). The Regional Director's response was dated December 4, 2009. (*Id*.). On January 14, 2010, petitioner submitted a Central Office Administrative Remedy Appeal to the General Counsel, claiming that he was entitled to jail credit under *Barden* and 18 U.S.C. § 3585(b), from June 15, 2006 to October 23, 2007. (*Id*., Attach. p. 1). Petitioner's appeal was received on January 26, 2010, and rejected as untimely. (Kitka Decl. ¶ 30).

On October 29, 2010, staff at the DSCC prepared another sentence computation, commencing petitioner's 119-month federal sentence on February 12, 2008, the date petitioner was received into exclusive federal custody. (Kitka Decl. ¶ 15 and Attach. 6). DSCC staff reviewed documentation from the Alabama Department of Corrections and determined that petitioner was entitled to 43 days jail credit for the period December 31, 2007 through February 11, 2008, because that was time petitioner spent in custody as a result of the state charge for which petitioner was arrested after the commission of petitioner's federal offense, but for which petitioner

did not receive credit against another sentence (because the state charge was ultimately dismissed). (Kitka Decl. ¶ 29 and Attachs. 9, 11). Petitioner was not given credit for the period September 28, 2006 to December 30, 2007, which is what petitioner now seeks.

## DISCUSSION

Exhaustion

Respondent asserts that the amended petition should be dismissed, because petitioner failed to properly exhaust his administrative remedies with the BOP before seeking habeas relief in this Court. (Doc. 14, pp. 8-9, 16-17). Prisoners must exhaust administrative remedies before habeas relief can be granted, including relief under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that exhaustion is required "in all habeas cases," including those brought under § 2241). The exhaustion requirement is jurisdictional. *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 petition, exhaustion is jurisdictional in the Eleventh Circuit); *United States v. Lucas*, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (holding that a federal district court does not have jurisdiction to consider a defendant's claim that he is entitled to sentence credit under 18 U.S.C. § 3585(b) if the defendant fails to exhaust his administrative remedies with the BOP before seeking judicial relief); *see also United State v. Berrio*, 428 F. App'x 944 (11th Cir. 2011) (same). The exhaustion requirement applies to prisoners challenging the computation of their jail-time credit. *Lucas, supra*; *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.");

*see also United States v. Wilson*, 503 U.S. 329, 335-36, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992) (noting that federal prisoners may seek judicial review of the BOP's jail-time credit determinations after exhausting their administrative remedies).

The BOP provides a four-level administrative grievance procedure for prisoner complaints. 28 C.F.R. § 542.10-542.19. Each of these steps is generally required to satisfy the exhaustion requirement. The prisoner must first seek resolution of his issue through an informal grievance. 28 C.F.R. § 542.13(a). If not satisfied with the response, the inmate may file a formal written complaint with the warden of his institution. *Id*. at § 542.14. The warden's response may be appealed to the Regional Director, 28 C.F.R. § 542.15(a). The Regional Director's response may be appealed to the General Counsel for the BOP. 28 C.F.R. § 542.15(a). The prisoner's appeal to the General Counsel must be submitted within 30 calendar days of the date the Regional Director signed his response. 28 C.F.R. § 542.15(a). A remedy request that does not meet program requirements may be rejected by an administrative remedy coordinator at any level and returned to the inmate. 28 C.F.R. § 542.17.

The Regional Director signed the response to petitioner's appeal on December 4, 2009. (Doc. 7, Attach. Regional Administrative Remedy Appeal No. 558234-R1, Response). Petitioner signed/submitted his Appeal to the General Counsel on January 14, 2010. (Doc. 7, Attach. Central Office Administrative Remedy Appeal). Respondent's evidence establishes, and petitioner does not dispute, that petitioner's Appeal to the General Counsel was rejected as untimely. (Doc. 14, Kitka Decl. ¶ 30). Petitioner's failure to properly exhaust his sentence credit claim precludes habeas review. *See, e.g. Skinner, supra* (dismissing federal prisoner's §2241 petition challenging disciplinary proceeding because prisoner failed to exhaust his

administrative remedies prior to filing suit); *Watkins v. Haynes*, 445 F. App'x 181 (11th Cir. 2011) (dismissing federal prisoner's § 2241 petition challenging finding that prisoner assaulted prison staff member; prisoner failed to submit an appeal to the regional office within 20 days of the warden's response and his failure to do so, or to request an extension of time, constituted a failure to exhaust administrative remedies precluding habeas review under 28 U.S.C. § 2241).

Respondent's evidence further establishes, and petitioner admits, that petitioner did not exhaust the administrative remedy procedures concerning his claim that his sentence should be further reduced under the amended guidelines for crack cocaine. (Doc. 14, Kitka Decl. ¶ 30; Doc. 7, p. 4).  Petitioner's failure to exhaust his administrative remedies preludes habeas review of this issue.

Merits

Even if petitioner properly exhausted his administrative remedies, his petition should be denied.  The Attorney General, through the BOP, has the responsibilty for administering a federal defendant's sentence and possesses the exclusive authority to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. at 334-35, 112 S. Ct. at 1354-55 (holding that after a defendant is sentenced, it falls to the BOP to determine whether the defendant should receive credit under 18 U.S.C. § 3585(b) for time spent in custody before the sentence "commenced"); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995).  Prior custody credit is governed by 18 U.S.C. § 3585, which provides:

> **(a)  Commencement of sentence**. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> **(b)  Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* (emphasis added).  In enacting § 3585(b), Congress "made clear that a defendant could not receive a double credit for his detention time."  *Wilson*, 503 U.S. at 337, 112 S. Ct. at 1356; *Dawson v. Scott*, F.3d 884, 886 (11th Cir. 1995) (same).

The record establishes that petitioner's federal sentenced commenced on February 12, 2008, the date petitioner's state sentence expired and petitioner was turned over to the USMS for service of his federal sentence.  *See also, e.g., Butler v. Warden, FCC Coleman-Medium*, No. 10-15960, 2011 WL 5964607 (11th Cir. Nov. 28, 2011) (holding that federal prisoner's federal sentence was properly calculated beginning on the date he was turned over to federal authorities after having served his state sentence; when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted, and the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980), and *United States v. Evans*, 159 F. 3d 908, 912 (4th Cir. 1998)).  The record further establishes that the BOP's most recent sentence computation credits petitioner's federal sentence with 43 days jail-

time credit for the period December 30, 2007 through February 11, 2008. (Doc. 14, Kitka Decl. ¶ 29 and Attach. 9). Petitioner's assertion in his reply that he did not receive such credit is conclusively rebutted by the record. (Doc. 16). The record also establishes, and petitioner does not dispute, that the Alabama Department of Corrections credited petitioner's state Probation Violation sentence in Case Number CC1998-3008 for the time petitioner spent in custody from September 28, 2006 through December 30, 2007. (Kitka Decl. ¶ 14 and Attach. 5). Because § 3585(b) expressly precludes the BOP from granting credit for time "credited against another sentence," the BOP did not err in giving effect to this plain language and not giving petitioner credit for that time served. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit prisoner's state custody time toward his federal sentence where that time was credited against the prisoner's state sentence); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) (same); *see also Scruggs v. Adkinson*, 423 F. App'x 858, at *3 (11th Cir. 2011) (holding that federal prisoner was not entitled to credit toward his federal sentence for 10 months served in pre-trial detention in state court, because that time was credited toward prisoner's state sentence). Petitioner is not entitled to habeas relief on his sentence credit claim.

As to petitioner's claim that he is entitled to a reduction of his sentence based on retroactive sentencing guidelines amendments concerning crack cocaine, the record establishes that the BOP recalculated petitioner's sentence after the sentencing court reduced petitioner's sentence from 144 months to 119 months under the 2008 amendments to the sentencing guidelines. Petitioner fails to demonstrate that the BOP's recalculation of his sentence after the reduction was improper. To the extent

petitioner claims that his sentence should be further reduced under the 2010 amendments to the guidelines, habeas relief under 28 U.S.C. § 2241 is unavailable. On December 1, 2011, petitioner moved the sentencing court under 18 U.S.C. § 3582(c)(2) for a sentence reduction under the 2010 amendments to the guidelines. (*See United States v. Taylor*, Case No. 1:07cr71-CB, Doc. 38). On December 23, 2011, the sentencing court denied the motion, concluding that petitioner "is not eligible for a reduction of sentence based on Amendment 750 because the amendment does not have the effect of lowering the defendant's applicable guideline range." (*See United States v. Taylor*, Case No. 1:07cr71-CB, Doc. 40). The BOP was not required to recalculate petitioner's sentence, because petitioner's sentence was not further reduced by the 2010 amendments. Petitioner cannot use this habeas proceeding to appeal the sentencing court's order, or to obtain a sentence modification under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *See Sawyer v.* Holder, 326 F.3d 1353, 1365 (11th Cir. 2003) ("Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255."); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) (setting out the requirements a federal prisoner must meet in order for the "savings clause" of 28 U.S.C. § 2255 to open the portal for a claim to proceed under § 2241). Petitioner is not entitled to habeas relief on his sentence reduction claim.

Accordingly, it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 7) be DENIED, and that the Clerk be directed to close the file.

At Pensacola, Florida, this 26th day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).